UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ALEXANDER STROSS**<br><br>Plaintiff,<br><br>vs.<br><br>**RIZWAN HYDER and SOLID STATE LED, LLC**<br><br>**Defendants** | CIVIL ACTION # 4:20-cv-3269<br><br>JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Alexander Stross respectfully alleges as follows for his original complaint against Rizwan Hyder and Solid State LED, LLC.

### PARTIES

1.  Plaintiff Alexander Stross ("Plaintiff" or "Stross") is a resident of Austin, Texas.

2.  Defendant Rizwan Hyder ("Defendant" or "Hyder") is an individual residing in Sugarland, Texas, who, upon information and belief, may be personally served at his residence at 614 Elm Hurst Cove, Sugarland, Texas 77479.

3.  Defendant Solid State LED, LLC ("Defendant" or "SSL") is a Texas limited liability company, and may be served through its registered agent Rizwan Hyder at 614 Elm Hurst Cove, Sugarland, Texas 77479.

### NATURE OF THE CLAIMS

4.  This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.* arising in connection with Defendants' unauthorized commercial exploitation of one of Plaintiff's federally registered photographs.

1

## JURISDICTION and VENUE

5. This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act); and 28 U.S.C §§ 1331 (federal question) and 1338(a) (copyrights).

6. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, because the Defendants reside in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

8. Plaintiff is an accomplished architectural and nature photographer, whose works have appeared in publications such as People, Country Living, AARP Magazine, Luxury Home Magazine, Luxe, Refine and New Home Guide; as well as appearing on billboards, online advertising, and on broadcast shows, including the Today Show and Yahoo! News with Katy Couric.

9. Defendant Solid State LED, LLC is a lighting retailer located in Houston, Texas.

10. Defendant Rizwan Hyder is one of three managing members of SSL, and upon information and belief, is the dominant influence in the company.

11. Stross is the sole author and creator of the photo at issue in this action, a copy of which is set forth below (the "Photo").[1]  As published by Stross on his website

---

[1] The Photo was timely registered with the U.S. Copyright Office on December 15, 2008, registration number VAu000989644, a true and correct copy of which is attached hereto as **Exhibit A**.

2

www.strossarts.com, the Photo appears with his licensing information directly adjacent to the Photo, as illustrated below.



12. On or about May 19, 2018, Stross' copyright agent discovered that SSL was displaying the Photo on its Facebook page at https://www.facebook.com/Solid-State-LED-1809506469295019/, as illustrated on the following page:

3



13.     Neither Hyder nor SSL obtained Stross' consent to copy, distribute or display the Photo, and their use of the same was therefore in all respects unauthorized.  Moreover, as displayed on SSL's Facebook page, SSL omitted attribution to Stross, and failed to include other important information, including his licensing information.

14.     Stross' copyright agent first contacted SSL on June 11, 2018 in an attempt to put a license in place for the unauthorized use, but received no response.  Follow-ups were sent on June 19, June 26, June 28, July 16, August 13, and August 27, 2018, and several phone calls were also placed to the business, but the Defendants refused even to respond.  Counsel was later retained, and further notices were delivered to Hyder on behalf of SSL on July 25, 2020 and August 15, 2020—advising that suit would be filed if Plaintiff received no response.  Again, Plaintiff's communications were ignored.

15.     Stross now brings this suit for copyright infringement.

**COUNT 1:
<u>COPYRIGHT INFRINGEMENT</u>**

16.     Stross realleges and incorporates herein the foregoing paragraphs.

17. By its actions alleged above, Defendant SSL has infringed Stross' federally registered copyrights. Specifically, by copying, distributing and/or displaying the Photo on its Facebook page without his consent, SSL has infringed Stross' exclusive rights set forth in 17 U.S.C. § 106, and is liable therefor.

18. Upon information and belief, Defendant Hyder is the dominant influence in SSL, and determined and/or directed the policies that led to and/or perpetuated the infringements complained of herein, and is therefore jointly and severally liable for any direct copyright infringement committed by SSL.

19. Upon information and belief, Defendants' actions constituted willful infringement of Stross' copyrights inasmuch as they knew, or had reason to know, that their actions constituted copyright infringement; and/or because they acted with reckless disregard of Stross' copyrights. For instance, Facebook provides specific instructions for use of copyrighted materials, and warnings about the use of unauthorized use of copyrighted images, including the following: "The best way to help make sure that what you post to Facebook doesn't violate copyright law is to only post content that you've created yourself."[2] Defendants recklessly ignored this information, and used Plaintiff's photo without authorization.

20. As a result of the foregoing, Stross is entitled to actual damages plus profits of the Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 2:
### VICARIOUS INFRINGEMENT

21. Stross realleges and incorporates herein the foregoing paragraphs.

---

[2] *See* https://www.facebook.com/help/102063957973118

21. In addition to, and/or in the alternative to direct infringement, Hyder—as one of three managing members and the dominant force in SSL—is liable for vicarious infringement because he had the right and ability to supervise the infringing activities of SSL (by virtue of his role in the closely held company), and the practical ability to stop the infringement (by removing the Photo from Facebook); and because he enjoyed a financial benefit from SSL's infringing activities by virtue of the heightened web traffic and leads that were generated through its use of the Photo, and his ownership interests in the company. *See, e.g., Playboy Enters., Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1177 (N.D. Tex. 1997) (where the court found that the plaintiff's photographs acted as a draw for customers by enhancing "the attractiveness of [defendant's] website to potential customers.").

23. Upon information and belief, Hyder's actions constituted willful infringement of Stross' copyrights inasmuch as he knew, or had reason to know, that the use of Plaintiff's photograph was unauthorized; and/or because he acted with reckless disregard of Stross' copyrights by failing to insure that the image was licensed, and by ignoring Facebook's warnings against unauthorized use of third party content.

24. As a result of the foregoing, Stross is entitled to actual damages plus profits of the Defendant; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## JURY DEMAND

25. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

Plaintiff Prays for:

A. An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the Photo;

B. An award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C. An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. § 505;

D. Prejudgment and post-judgment interest on any damage award as permitted by law; and

E. Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Dated this 21st Day of September, 2020

**LAW OFFICE OF BUCK MCKINNEY, PC**

/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone: 512/236-0150
Fax: 512/444-1879
*mckinney@buckmckinney.com*
ATTORNEY FOR PLAINTIFF ALEXANDER STROSS